## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### (Northern Division)

ATS INTERNATIONAL SERVICES, INC. *

       Plaintiff,         *

v.                           *      Case No. 12 CV 2525-RDB

KOUSA INTERNATIONAL, LLC, ET AL. *

       Defendant.      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### AMENDED ANSWER AND COUNTERCLAIM OF KOUSA INTERNATIONAL, LLC

Kousa International, LLC ("Kousa"), in personam defendant and claimant of the cargo sued in rem and arrested herein (the "Cargo"), by and through its attorneys, submits the following Amended Answer and Counterclaim in response to the Verified Complaint (the "Complaint") filed by ATS International Services, Inc. ("ATS").

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), this amendment is made as a matter of course within twenty-one (21) days after service of ATS's Motion to Dismiss under Rule 12(b), and no motion for leave to amend is required.

Pursuant to Local Rule 103.6(c), Kousa is serving a clean copy of the Amended Answer and Counterclaim and a copy in which stricken material has been lined through and new material has been underlined.

### AMENDED ANSWER

### JURISDICTION AND VENUE

1.      Answering Paragraph 1 of the Complaint, Kousa states that the allegations constitute legal conclusions to which Kousa is not required to respond.

2.      Answering Paragraph 2 of the Complaint, Kousa states that the allegations regarding venue and Supplemental Rule B constitute legal conclusions to which Kousa is not

required to respond, and that there are no conditions precedent within the meaning of Fed. R. Civ. P. 9(h), but if there are, which Kousa denies, Kousa denies that such conditions precedent have occurred or been performed.

3.      Answering Paragraph 3 of the Complaint, Kousa admits that ATS is a corporation that provides and has provided international marine logistics services and shipment aboard ocean marine vessels, including to Kousa.

4.      Answering Paragraph 4 of the Complaint, Kousa admits that the statements set forth in the first sentence of Paragraph 4 were previously posted on its website.  Kousa states that the allegation that it is not found within the District within the meaning of Supplemental Rule B is a legal conclusion to which it is not required to respond.  Kousa admits that it entered into a contract or contracts of affreightment (collectively, the "COA") with ATS.  Kousa further states, however, that the COA was modified by agreement of Kousa and ATS, and that the actions of ATS, including the initiation of this lawsuit and the arrest of the Cargo, constitute breaches of that COA as modified, and that Kousa has counterclaims which reduce or offset any or all amounts due from Kousa to ATS.  Kousa therefore denies generally the remainder of the allegations contained in Paragraph 4 and denies specifically that ATS acted properly in asserting a lien against Kousa.

5.      Answering the first paragraph enumerated as Paragraph 5 of the Complaint, Kousa admits that, at the time of the filing of the Complaint, certain garnishees held or were soon to hold the Cargo.

### COUNT I
### Breach of Maritime Contracts

5. [sic] Answering the second paragraph enumerated as Paragraph 5 of the Complaint, Kousa incorporates by reference its responses to Paragraphs 1 through 5.

6.      Answering Paragraph 6 of the Complaint, Kousa admits that ATS made demand for certain payments prior to the filing of the Complaint, but Kousa denies that the amounts claimed by ATS were or are due from Kousa, and therefore, denies the remaining allegations.

7.      Answering Paragraph 7 of the Complaint, Kousa incorporates by reference its responses to Paragraphs 1 through 6, and denies that ATS is entitled to judgment against Kousa.

## COUNT II
## Maritime Lien *In Rem* And Possessory Action Against The Cargo

8.      Answering Paragraph 8 of the Complaint, Kousa incorporates by reference its responses to Paragraphs 1 through 7.

9.      Answering Paragraph 9 of the Complaint, Kousa states that the allegations are legal conclusions to which Kousa is not required to respond, but if a response is required, Kousa denies the allegations.

10.      Answering Paragraph 10 of the Complaint, Kousa states that the allegations are legal conclusions and/or a prayer for relief to which Kousa is not required to respond, but if a response is required, Kousa incorporates by reference its responses to paragraphs 1 through 9.

## COUNT III
## Maritime Attachment and Garnishment (Rule B)

11.      Answering Paragraph 11 of the Complaint, Kousa incorporates by reference its responses to Paragraphs 1 through 10.

12.      Answering Paragraph 12 of the Complaint, Kousa admits that at the time of the filing of the Complaint, it had certain property with the District, but Kousa is without knowledge or information sufficient to form a belief with respect to the remaining allegations.

13.      Answering Paragraph 13 of the Complaint, Kousa states that the allegations are legal conclusions and/or a prayer for relief to which Kousa is not required to respond, but if a response is required, Kousa denies the allegations.

### FIRST AFFIRMATIVE DEFENSE
### (Waiver)

As a first affirmative defense, Kousa contends that ATS waived any and all claims it may have against Kousa.  In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including its allegation that ATS previously conceded that not all monies which formed the basis and purported justification for its improper arrest, attachment, and garnishment were due, as set forth in paragraphs 43-45.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

As a second, separate affirmative defense, Kousa contends that ATS is estopped by its own acts and omissions from asserting any of the purported claims.  In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including its allegation that ATS previously conceded that not all monies which formed the basis and purported justification for its improper arrest, attachment, and garnishment were due, as set forth in paragraphs 43-45.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands - All Causes of Action)

As a third, separate affirmative defense, Kousa alleges that ATS's Complaint, and each and every purported claim contained therein, is barred by the doctrine of unclean hands.  In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including: (1) Kousa's allegations that ATS fraudulently induced it to enter into contract, as set forth in paragraphs 29-38; (2) Kousa's allegations that ATS breached contracts with Kousa by overcharging Kousa for Kousa's shipments, as set forth in paragraphs 39-41, and (3) Kousa's allegation that ATS's arrest, attachment, liens, and/or

garnishment were pretextual and intended to expedite payment of monies ATS previously conceded were not and are not due, as set forth in paragraphs 42-47 and 59.

## FOURTH AFFIRMATIVE DEFENSE
### (Set-Off - All Causes of Action)

As a fourth, separate affirmative defense, Kousa is informed and believes, and upon that basis alleges, that it possesses equal and equitable rights of offset for claims existing against ATS.   Accordingly, any recovery by ATS must be barred or reduced by the amount of such claims.  In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including Kousa's allegations regarding the two contracts and the conduct of ATS, as set forth in paragraphs 9-28.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate - All Causes of Action)

As a fifth, separate affirmative defense, Kousa alleges that ATS's claims are barred, in whole or in part, to the extent that ATS failed to mitigate the damages, if any, it claims to have suffered.  In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including Kousa's allegation that ATS itself failed to arrange for all intended towers to be carried aboard the intended vessel and then attempted to charge Kousa for additional costs incurred by ATS, as set forth in paragraph 28.

## SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment - All Causes of Action)

As a sixth, separate affirmative defense, Kousa alleges that Plaintiff's claims are barred, in whole or in part, to the extent that recovery by Plaintiff would constitute unjust enrichment. In support of this affirmative defense, Kousa incorporates herein the allegations set forth in its Amended Counterclaim, filed herewith, including Kousa's allegations that ATS breached

contracts with Kousa by overcharging Kousa for Kousa's shipments, as set forth in paragraphs 39-41.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim - All Causes of Action)

As a seventh, separate affirmative defense, Kousa alleges that the Complaint fails to state a claim against Kousa for which relief may be granted.  In support of this affirmative defense, Kousa incorporates herein the entirety of the allegations set forth in its Amended Counterclaim, filed herewith.

## EIGHTH AFFIRMATIVE DEFENSE
### (Insufficiency of Process and Insufficiency of Service of Process - All Causes of Action)

As an eighth, separate affirmative defense, Kousa asserts the defenses of insufficiency of process and insufficiency of service of process.  To date, Kousa has not been served, pursuant to the Federal Rules of Civil Procedure, with the in personam Summons and Complaint.  To date, the Warrant of Arrest has not been served pursuant to the requirements set forth in Supplemental Rule C, and Kousa has reserved, in the parties' agreement for security, the contention that the security does not stand for any property not properly arrested.

## NINTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

As a ninth, separate affirmative defense, Kousa has insufficient knowledge or information upon which to form a belief as to whether or not it may have additional affirmative defenses.  Kousa thus reserves the right to assert additional defenses upon acquiring such information or knowledge.

WHEREFORE, Kousa International, LLC, having fully answered, prays that the Complaint against it and the Cargo be dismissed, with costs, that the funds deposited by Kousa in

the Registry of the Court as security be returned to Kousa, and for such other and further relief as the Court may deem just.

## AMENDED COUNTERCLAIM

Kousa International, LLC ("Kousa"), by and through its attorneys, alleges the following counterclaims against ATS International Services, Inc. ("ATS"):

### JURISDICTION AND VENUE

1.      This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

2.      This is an action within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is an action between citizens or different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      This is an action within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and Rule 13 of the Federal Rules of Civil Procedure.

### FACTS RELATED TO ALL COUNTS

4.      Kousa has filed an Answer to the Verified Complaint (the "Complaint") filed by ATS denying any liability to ATS or to any other party in connections with the matters alleged in the Complaint.

5.      Kousa is a limited liability corporation formed pursuant to and operating under the laws of the State of California.  Kousa focuses on three (3) areas of primary business – Wind Energy, Paper and Logistics.  The transactions that form the basis of Kousa's claims against ATS involve Wind Energy products.  In particular, Kousa's claims against ATS concern the carriage of tubular steel towers.

6.      The steel towers are manufactured in Indonesia and ultimately form an electricity generating windmill-like wind tower.  Kousa purchases these custom made steel towers from PT. Korindo Heavy Industry ("Korindo") for resale to Kousa's customers.  As part of the sales transaction,

Kousa arranges for delivery of the steel wind towers to a number of ports across the globe, including the Port of Baltimore, Maryland.

7.      Kousa is informed and believes and on that basis alleges that ATS is and at all relevant times was a corporation organized under the laws of Minnesota with its registered office located in St. Cloud, Minnesota.  Kousa is informed and believes and on that basis alleges that ATS is a corporation that provides and has provided international marine logistics services and shipment aboard ocean marine vessels.

8.      This Counterclaim and each claim stated herein arise out of the same transactions or occurrences as are the subject of the Complaint.

## The 2008 COA

9.      On or about October, 2007, Kousa and ATS began negotiating for the entry of a Contract of Affreightment (the "COA") effective for the period between January 1 and December 31, 2008.

10.     On or about October 10, 2007 and prior to entry into the COA, ATS provided Kousa with, inter alia, a draft of the COA.  The documents ATS presented to Kousa included various rates for freight that would be charged for shipments with PACC Container Line Pte. Ltd. ("PACC").

11.     On or about October 10, 2007 and prior to entry into the COA, Kousa's President – Ricky Seung - inquired of ATS's Vice President – Joseph M. Goering – whether the rates for freight listed within ATS's draft documents were inclusive of ATS's commission and/or inclusive of the fee ATS would charge Kousa for arranging shipments for Kousa.

12.     Mr. Goering responded to Mr. Seung's inquiry on or about October 10, 2007, explaining that the rates reflected within the COA "are the BUY rate only."  Mr. Goering further advised Mr. Seung that ATS would directly pass through its "BUY rate" to Kousa and thereafter charge Kousa no more than three percent (3%) above the amount of ATS's "BUY rate" as ATS's commission and/or fee for arranging shipments for Kousa.

13.     On or about November 26, 2007, Mr. Goering reiterated to Kousa the foregoing rate structure.  Mr. Goering explained that "we have a set agreement of **cost plus 3%**. . ."

14.     Based on ATS's representations, Kousa entered into the January 1, 2008 Contract of Affreightment (the "2008 COA").

## The 2009 Agreement

15.     Prior to expiration of the 2008 COA, ATS and Kousa began negotiation for a Contract for Affreightment that would apply to shipments beyond December 31, 2008.  During these negotiations, Mr. Goering represented to Mr. Seung that, although the underlying freight rates would differ from the 2008 COA, ATS would continue to charge Kousa ATS's cost plus three percent (3%).

16.     Based in part on ATS's representations as to the rate structure explained above, the parties entered into an agreement wherein Kousa would continue to ship cargo by and through ATS beyond December 31, 2008 (the "2009 Agreement").

17.     In early 2009, Kousa and ATS agreed that Kousa would not be required to make freight payments to ATS for shipments until Kousa received payment from Kousa's customers for such shipments.  Pursuant to the terms of the 2009 Agreement, as so modified, Kousa had a minimum of thirty (30) days from the due date stated on all respective invoices to payoff the balance of any freight that allegedly would be due to ATS on a respective shipment.

18.     ATS was aware of, agreed to, and performed in accordance with this payment structure. ATS thereafter acted in accordance to the parties' agreement and did not call monies due for shipments completed after entry into the 2009 Agreement in some instances sixty (60) days beyond the stated due date.

19.     Kousa performed its obligations as required by the parties' 2009 Agreement as modified.

## Conduct of ATS

20.     Kousa is informed and believes and on that basis alleges that, contrary to its repeated representations, ATS did not pass through to Kousa its true costs.  In particular, Kousa is informed and

9

believes that ATS charged Kousa **more than "cost plus 3%"** for cargo ATS arranged to be shipped for Kousa.

21.     Kousa is informed and believes and on that basis alleges that ATS made the foregoing representations to Kousa knowing them to be false or in reckless disregard of the truth and intending for Kousa to rely upon the same and intending to defraud Kousa by inducing it to enter into both the 2008 COA and the 2009 Agreement.

22.     Kousa was <u>not</u> aware of ATS's intent to charge <u>more</u> than "cost plus 3%" at the time Kousa negotiated the terms of the 2008 COA or at the time Kousa entered into the 2008 COA or the 2009 Agreement.

23.     Kousa did not become aware of ATS's conduct until <u>after</u> ATS initiated this action.  On August 26, 2012, ATS's counsel transmitted an email to Kousa advising that certain cargo at Ruckert Terminals, Baltimore had been arrested, subject to attachment and/or garnishment.  Attached as part of that email, <u>inter alia</u>, were pdf copies of the Complaint, the Arrest Warrant, the Attachment Writ, the Order for Substitute Custodian as well as a pdf titled "Booking Note".

24.     This pdf includes a BOOKING NOTE issued by ATS to Kousa and dated "14th March, 2012".  This pdf also includes a PACC BOOKING NOTE issued by PACC Container Line Pte. Ltd. to ATS and dated "14th March, 2012".

25.     Kousa is informed and believes and on that basis alleges that the "Booking Note" pertained to some of the cargo subject to arrest.  ATS's BOOKING NOTE to Kousa indicates that ATS is charging Kousa $130,000.00 USD for freight charges plus "3pct commission to ATSI".  PACC's BOOKING NOTE indicates that it was charging ATS $130,000.00 USD for freight charges but also notes that this amount is reduced by a 2% discount.

26.     Kousa is informed and believes and on that basis alleges that ATS therefore did not actually pass through the true cost ATS paid to PACC because ATS charged Kousa for PACC's undiscounted rate.  Kousa is informed and believes and on that basis alleges that ATS overcharged

Kousa on all shipments from 2008 to the present, and that Kousa has suffered or will suffer damages in excess of $1,250,000.00.

27.     Kousa is informed and believes and on that basis alleges that ATS similarly overcharged Kousa for detention relating to certain Kousa shipments from 2008 to the present, and that Kousa has suffered or will suffer damages in excess of $200,000.00.

28.     Kousa is informed and believes and on that basis alleges that, in connection with a particular shipment, ATS failed to arrange for all intended towers to be carried aboard the intended vessel, and that ATS then improperly charged or attempted to improperly charge to Kousa additional amounts in excess of $350,000.00 for carriage of a tower on a separate vessel.

## COUNT I
### (Fraudulent Inducement of Contract - 2008 COA)

29.     Kousa incorporates by reference Paragraphs 1 through 28 of its Counterclaim.

30.     Kousa relied with justification on ATS's false representations.

31.     Kousa would not have entered into the 2008 COA had it been aware of ATS's true intent.

32.     Kousa is informed and believes and on that basis alleges that as direct and proximate result of its reliance upon ATS's fraudulent misrepresentations, Kousa has sustained or will sustain damages in an amount no less than $1,800,000.00.

33.     Kousa is informed and believes and on that basis alleges that ATS's fraudulent misrepresentations were willful and malicious and Kousa is therefore entitled to punitive damages.

## COUNT II
### (Fraudulent Inducement of Contract - 2009 Agreement)

34.     Kousa incorporates by reference Paragraphs 1 through 33 of its Counterclaim.

35.     Kousa relied with justification on ATS's false representations.

36.     Kousa would not have entered into the 2009 Agreement had it been aware of ATS's true intent.

37.     Kousa is informed and believes and on that basis alleges that as direct and proximate result of its reliance upon ATS's fraudulent misrepresentations, Kousa has sustained or will sustain damages in an amount no less than $1,800,000.00.

38.     Kousa is informed and believes and on that basis alleges that ATS's fraudulent misrepresentations were willful and malicious and Kousa is therefore entitled to punitive damages.

## COUNT III
### (Breach of Contract)

39.     Kousa incorporates by reference Paragraphs 1 through 38 of its Counterclaim.

40.     ATS breached the 2008 COA and the 2009 Agreement by overcharging Kousa for Kousa's shipments.

41.     Kousa is informed and believes and on that basis alleges that as a result of ATS's breach of contract, Kousa has sustained or will sustain damages in an amount no less than $1,800,000.00

## COUNT IV
### (Breach of Contract)

42.     Kousa incorporates by reference Paragraphs 1 through 41 of its Counterclaim.

43.     ATS breached the parties' agreements by arresting or attaching certain wind towers that Kousa sold to Repower Systems AG, a German corporation ("Repower") and transported to Port of Baltimore, Maryland.  ATS improperly arrested and attached this cargo, even though it previously conceded that not all monies which formed the basis and purported justification for its improper arrest and attachment were due at that time.  This premature and improper arrest and attachment by ATS delayed Kousa's ability to pay any amounts legitimately due and owing to ATS.

44.     ATS breached the parties' agreements on or before August 26, 2012 by asserting liens that improperly precluded the release of certain wind towers that Kousa sold to Towers and Metallic Structures, d/b/a Gamesa ("Gamesa") and transported to Veracruz, Mexico, even though ATS previously conceded that not all monies which formed the basis and purported justification for its improper arrest and attachment were due at that time.

45.     ATS breached the parties' agreements by improperly garnishing property or funds in Delaware.  ATS improperly garnished this property or funds even though it previously conceded that not all monies which formed the basis and purported justification for its garnishment were due at this time.

46.     Kousa is informed and believes and on that basis alleges that ATS's arrest, attachment, liens, and/or garnishment were pretextual and intended to expedite payment of monies ATS previously conceded were not and are not due.

47.     Kousa is informed and believes and on that basis alleges that as a result of ATS's breach of contract, Kousa is or may be liable for certain liquidated damages to be shown at trial because of the delay caused by ATS's breach of contract and improper arrest, attachment, liens, and/or garnishment.

## COUNT V
### (Tortious Interference With Contractual Relations)

48.     Kousa incorporates by reference Paragraphs 1 through 47 of its Counterclaim.

49.     Kousa entered into agreements with Repower and Gamesa for the purchase, transportation, and delivery of certain towers.

50.     Pursuant to Kousa's agreement with Repower, Kousa was obliged to deliver certain towers to Repower at the Port of Baltimore, Maryland by on or about August 26, 2012, and late delivery could result in a certain percentage of liquidated damages.

51.     Pursuant to Kousa's agreement with Gamesa, Kousa was obliged to deliver certain towers to Gamesa at the port of Veracruz, Mexico by on or about September 2, 2012, and late delivery could result in a certain percentage of liquidated damages.

52.     Kousa is informed and believes and on that basis alleges that ATS was aware of Kousa's contractual relations with third parties, including Repower and Gamesa.  Indeed, immediately prior to ATS's improper arrest, attachment, notice of lien, and/or garnishment, Kousa specifically advised ATS that any actions that would delay Repower's or Gamesa's ability to take possession of the subject towers would also proximately and directly interfere with Kousa's contractual relations.

53.     Kousa is informed and believes and on that basis alleges that ATS intentionally and/or improperly interfered with Kousa's contractual relations by improperly arresting, attaching, placing liens, and/or garnishing cargo in order to prevent Kousa from being able to discharge its obligations to deliver towers to Repower or Gamesa on or before the requisite and respective dates.  Kousa alleges that as a proximate and direct result of ATS's conduct, Kousa was unable to deliver towers to Repower and Gamesa as required by the respective agreements on or before the requisite and respective dates.

54.     Pursuant to the terms of its contracts with Repower and Gamesa, Kousa is liable for certain liquidated damages for failing to deliver the subject towers on time.

55.     Kousa is informed and believes and on that basis alleges that Repower and Gamesa are able to offset, reduce, and/or withhold monies that would otherwise be due to Kousa because of the delays caused by ATS.

56.     Kousa is informed and believes and on that basis alleges that as a proximate and direct result of ATS's conduct, Kousa has suffered and/or will suffer damages in an amount to be shown at trial.

57.     Kousa is informed and believes and on that basis alleges that ATS's actions were willful and malicious in that they were intended without justification to cause harm to Kousa and Kousa is therefore entitled to punitive damages.

## COUNT VI
### (Tortious Interference With Prospective Advantage)

58.     Kousa incorporates by reference Paragraphs 1 through 57 of its Counterclaim.

59.     Prior to ATS's improper arrest, attachment, liens, and/or garnishment, Kousa began negotiating with Repower concerning Repower's potential purchase of certain towers from Kousa. Repower advised Kousa that it was expecting to receive an order from its customer to design, build, and/or develop a wind farm in Australia.  Repower advised Kousa that it would require a minimum

number of towers to build this facility.  Repower advised that it was considering purchasing these towers from Kousa.

60.     Kousa is informed and believes and on that basis alleges that ATS was aware of this potential order prior to the improper arrest and/or attachment of towers delivered to the Port of Baltimore, Maryland.

61.     Kousa is informed and believes and on that basis alleges that ATS intentionally and/or improperly interfered with Kousa's prospective advantage by improperly arresting, attaching, placing liens, and/or garnishing cargo, thereby intentionally delaying Kousa's customers from taking possession of the same cargo in order to expedite payment of monies ATS previously conceded were not and are not due.  Kousa is informed and believes and on that basis alleges that ATS's conduct was willful, intentional, and calculated to cause damage to Kousa's lawful business without justifiable cause.

62.     Kousa was advised by email that as proximate and direct result of ATS's conduct, Repower did not purchase the towers intended for Repower's planned wind farm in Australia from Kousa.  Specifically, Kousa is informed and believes and on that basis alleges that Repower recently purchased these towers from other parties.

63.     Kousa is informed and believes and on that basis alleges that as a proximate and direct result of ATS's conduct, Kousa has suffered damage in an amount to be shown at trial.

64.     Kousa is informed and believes and on that basis alleges that ATS's actions were willful and malicious in that they were intended without justification to cause harm to Kousa and Kousa is therefore entitled to punitive damages.

WHEREFORE Kousa International, LLC prays for judgment against counter-defendant ATS International Services, Inc. as follows:

As to Count I, damages of no less than $1,800,000.00, as will be shown at trial.

As to Count II, damages of no less than $1,800,000.00, as will be shown at trial.

As to Count III, damages of no less than $1,800,000.00, as will be shown at trial.

As to Count IV, damages in an amount to be shown at trial.

As to Count V, damages in an amount to be shown at trial, including punitive damages.

As to Count VI, damages in an amount to be shown at trial, including punitive damages.

All, together with costs, interest, attorneys' fees as may be allowed, and for such other and further relief as the Court may deem just.

### **DEMAND FOR JURY TRIAL**

Kousa International, LLC respectfully demands a jury trial as to all matters in its Amended Counterclaim that are triable by a jury.

 

         /s/
M. Hamilton Whitman, Jr., Bar No. 00373
mhwhitman@ober.com
Caitlin Q. Vandevander, Bar No. 29620
cqvandevander@ober.com
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
100 Light Street
Baltimore, Maryland 21202
Phone: 410-347-7354
Fax:    443-263-7554

Of counsel:

         /s/
Ivan L. Tjoe (admitted *pro hac vice*)
tjoe@lbbslaw.com
Jon P. Kardassakis (admitted *pro hac vice*)
kardassakis@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
221 N. Figueroa Street | Suite 1200
Los Angeles, California 90012
Phone: (213) 580-3983
Fax:    (213) 250-7900

*Attorneys for Kousa International, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of November 2012, a copy of the foregoing Amended Answer and Counterclaim was served on counsel of record by way of the Court's CM/ECF system.

_____*/s/*_____
M. Hamilton Whitman, Jr.